Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1920 | **DATE** | 11/26/2003 |
| **CASE TITLE** | Xechem vs. Bristol-Myers Squibb | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Rule 59(e) motion to vacate, alter, or amend the Judgment and Rule 15(a) motion for leave to amend the complaint is denied.

*/s/ Amy J. St. Eve*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 6 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 23 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TH✓ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

XECHEM, INC. and XECHEM INTERNATIONAL, INC.,

Plaintiff,

v.

BRISTOL-MYERS SQUIBB COMPANY,

Defendant.

No. 03 C 1920

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiffs Xechem, Inc. and Xechem International, Inc. (collectively "Xechem") brought a motion pursuant to Federal Rule of Civil Procedure 59 to vacate, alter, or amend the Court's July 28, 2003 order dismissing the complaint and entering final judgment in favor of defendant Bristol-Myers Squibb Company ("BMS"). Together with that motion, Xechem filed a motion for leave to file an amended complaint pursuant to Rule 15. For the following reasons, both motions are denied.

## LEGAL STANDARDS

### I. Rule 59(e) Motion To Vacate, Alter, Or Amend The Judgment

Rule 59(e) permits parties to file, within ten days of the entry of judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). The Rule does not give a party the opportunity to undo its own procedural failures or

"introduce new or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). To be successful, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "Rule 59(e) motions cannot be used to reargue issues already considered by the Court." *Hartigan v. Palumbo Bros., Inc.*, 796 F. Supp. 352, 353 (N.D. Ill. 1992).

## II. Rule 15(a) Motion To Amend The Complaint

Rule 15(a) provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. E. 2d 222 (1962). However, "justice may require something less in post-judgment situations than in pre-judgment situations under Rule 15(a)." *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985). "[T]he presumption in favor of liberality in granting motions to amend is reversed after judgment has been entered," *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 785 n.12 (7th Cir. 1994), such that "after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated." *Figgie*, 966 F.2d at 1179. Only then must the Court consider whether to allow the plaintiff to amend his complaint. *Id.*

## BACKGROUND

Xechem filed a complaint on March 17, 2003 alleging that BMS violated federal and state antitrust laws by excluding Xechem from the market for paclitaxel, a drug for treating breast

2

cancer, lung cancer, and AIDS-related Kaposi's sarcoma. (R. 1-1, Compl. ¶¶ 1, 9.)

On December 27, 1992, the Food and Drug Adminstration ("FDA") gave BMS approval to sell paclitaxel under the trademarked name Taxol, thereby automatically triggering a five-year period of market exclusivity for BMS pursuant to the Hatch Waxman Act, 21 U.S.C. § 355. (R. 1-1, Compl. ¶¶ 9, 14, 28.) In anticipation of the expiration of that five-year period, Xechem took steps to enter the drug market for paclitaxel. (*Id.* ¶ 35.) In its complaint Xechem alleged that BMS engaged in anticompetitive activity that caused Xechem to postpone its entry into the paclitaxel market and discouraged it from filing an Abbreviated New Drug Application ("ANDA") with the FDA. (*Id.* ¶ 41.)

BMS moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing that Xechem failed to allege a cognizable antitrust injury, and that in any event its claims were barred by the applicable statute of limitations. (R. 11-1, Def.'s Mot. and Mem. of Points and Auth. in Supp. of Mot. Pursuant to FRCP 12(b)(6) ("Def.'s 12(b)(6) Mem.").) Xechem filed a brief opposing BMS's motion to dismiss that contained additional allegations. (R. 12-1, Pl.'s Answer to Def.'s Mot. to Dismiss Compl. Pursuant to Rule 12(b)(6) Together with Br. in Supp. ("Pl.'s 12(b)(6) Resp.").) Having considered the complaint and the additional allegations in Xechem's response brief, the Court concluded that while Xechem may have stated a claim under Rule 12(b)(6), the face of the complaint made it apparent that the statute of limitations had run. *Xechem, Inc. v. Bristol-Meyers Squibb Co.*, 274 F. Supp. 2d 937, 945 (N.D. Ill. 2003). Accordingly, the Court dismissed Xechem's complaint and entered final judgment in favor of BMS. *Id.*

The Court noted that the complaint alleged that BMS excluded Xechem from the paclitaxel market and discouraged it from filing an ANDA for its own formulation of paclitaxel.

*Id.* at 944. The Court further noted that exclusion from a market is a conventional form of antitrust injury that gives rise to a claim for damages as soon as the exclusion occurs. *Id.* Examining the allegations in the complaint and Xechem's response brief, the Court reasoned that Xechem's alleged claim accrued in 1997, when Xechem admits that it decided not to file an ANDA because BMS's allegedly anticompetitive activities discouraged it from doing so. *Id.*

The Court fully considered and ultimately rejected Xechem's argument that its allegations should fall within the continuing violation exception to the statute of limitations. *Id.* at 944-45. The Court reviewed the allegations in Xechem's complaint and response brief and concluded that Xechem failed to allege that BMS's post-1999 actions caused Xechem new and accumulating injury as required for those acts to restart the statute of limitations. *Id.* at 945. As Xechem expressly admitted in its papers, BMS's post-1999 actions "did nothing more than reaffirm BMS's earlier efforts to block . . . Xechem . . . from competing with BMS." (R. 12-1, Pl.'s 12(b)(6) Resp. at 10.)

On August 5, 2003, Xechem filed a motion to vacate, alter, and amend the judgment pursuant to Rule 59(e) (R. 16-1, Pl.'s Mot. to Vacate, Alter and Amend the J. and for Reh'g Pursuant to FRCP 59 and for Leave to File Am. Compl. ("Pl.'s Mem. in Supp. of Mots.")), together with a motion for leave to file an amended complaint pursuant to Rule 15(a) and a memorandum of law in support of that motion. (R. 16-4, Pl.'s Mot. for Leave to File Am. Compl.; R. 16-4, Ex. A, Pl.'s Mem. of Law in Supp. of its Mot. for Leave to File Am. Compl. ("Pl.'s Mem. in Supp. of Am. Compl.").) Xechem attached a proposed Amended Complaint to its Rule 15(a) motion. (R. 16-4, Ex. B, Pl.'s Amended Complaint ("Am. Compl.").)

4

## ANALYSIS

I.  **Xechem Fails To Identify Any Manifest Error Of Law Or Fact And Fails to Present Newly Discovered Evidence**

The Court may grant a Rule 59(e) motion only if "there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." *Figgie*, 966 F.2d at 1179. Rule 59(e) does not give a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to judgment." *Moro*, 91 F.3d at 876. Xechem fails to establish that the case should be reopened for several reasons. First, Xechem does not present any newly discovered evidence that could not have been discovered prior to the judgment. Second, Xechem fails to establish that the Court made a manifest error of law or fact in ruling that Xechem failed to plead a continuing violation. Rather, Xechem simply reargues issues already considered by the Court in its previous Order.

   A.  **Xechem Identifies No New, Material Evidence That Was Not Discoverable Before the Court Entered Judgment**

Xechem contends that BMS's act of filing the notice of appeal in April 2000 and its act of filing "spurious" patent applications with the United States Patent and Trademark Office constitute new and independent acts sufficient to restart the statute of limitations. But neither act amounts to newly discovered evidence. Xechem cannot now argue that it only recently discovered that BMS filed a notice of appeal in 2000 because it attached the Federal Circuit opinion resulting from that notice of appeal to its initial complaint. Similarly, Xechem does not argue that it only recently discovered that the patent applications in question were for different patents than the patents filed prior to March of 1999. Because these two acts do not constitute

5

"new evidence [that] has been discovered that is material and could not have been discovered previously," they cannot form the basis for a Rule 59(e) motion. *Figgie*, 966 F.2d at 1180.

Xechem contends that its "Rule 59(e) Motion was served within the mandated ten days after entry of the Judgment." (R. 21-1, Pl.'s Reply to Answering Mem. of Def. to Pl.'s Mots. ("Pl.'s Reply") at 3.) But BMS does not argue that Xechem belatedly filed its Rule 59(e) motion. Rather, BMS argues that Xechem predicated its Rule 59(e) motion on allegations that should and could have been raised earlier. *See Figgie*, 966 F.2d at 1180 ("Rule 59(e) may not be used to bring a claim that should and could have been raised earlier.") Xechem does not address this argument.

**B. Xechem Fails To Establish That The Court Made a Manifest Error of Fact Or Law In Ruling That Xechem Failed To Plead A Continuing Violation**

Even if the Court were to consider Xechem's belated attempt to allege "new" facts, those newly alleged facts fail to establish a continuing violation sufficient to restart the statute of limitations. As noted in the Order, the continuing violation exception requires an overt act on the part of the defendant to restart the statute of limitations. *Xechem*, 274 F. Supp. 2d at 945. The defendant's overt act (1) "must be a new and independent act that is not merely a reaffirmation of a previous act"; and (2) "it must inflict new and accumulating injury on the plaintiff." *Id.*, citing *Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 406 (6th Cir. 1999). Xechem fails to establish that the Court made a manifest error of fact or law in ruling that Xechem failed to allege any new and accumulating injuries caused by BMS's alleged later acts.

Xechem's complaint alleges a single antitrust injury -- that BMS's anticompetitive acts discouraged it from filing an ANDA and thus excluded Xechem from the paclitaxel market.

Xechem admits that BMS's anticompetitive acts discouraged Xechem from filing an ANDA in 1997. (R. 1-1, Compl. ¶ 41.) Even Xechem's amended complaint alleges that "Xechem's intention of filing the ANDA was now blocked" in 1997 and that "Xechem could not attempt to finance and force feed an ANDA through the FDA." (R. 16-4, Am. Compl. ¶ 41.) Thus, any later BMS acts would have only served to further discourage Xechem from filing an ANDA, and further exclude it from the paclitaxel market.[1]

For example, BMS did not cause additional harm to Xechem by filing the notice of appeal in April 2000. The resulting extension of the stay by several weeks[2] had no new effect on Xechem because Xechem does not allege that it would have been able to enter the market when the stay was lifted but for the filing of the notice of appeal. Because Xechem never filed an ANDA, it did not have an ANDA on the verge of approval pending lifting of the FDA's stay. Xechem was in the same position it was before BMS's filing of the notice of appeal as it was after -- it was excluded from the paclitaxel market.

---

[1] Xechem filed its complaint on March 18, 2003. Damages sought under the federal antitrust acts are generally only recoverable if a plaintiff files suit within four years of the cause of action's accrual. 15 U.S.C. § 15(b); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338, 91 S. Ct. 795, 806, 28 L.E.2d 77 (1971). Accordingly, to cure the statute of limitations defect Xechem must allege that BMS committed overt acts after March 1999 (*i.e.*, within four years of the filing of Xechem's complaint).

[2] While it is true that "[i]f not for BMS's filing of such notice of appeal, the FDA's stay of approval of generic filings under the Hatch Waxman regulatory scheme would have been lifted within ten days after the entry of judgment in the District Court," (R. 16-1, Pl.'s Mem. in Supp. of Mots. at 7-8), it is *not* true that the filing enabled BMS "to extend . . . its exclusivity period for almost two more years until after ultimate dismissal of the case after remand on January 25, 2002." (*Id.* at 8.) The FDA is required to stay the generic manufacturers' ANDA approval for the lesser of 30 months or until the relevant patent disputes are resolved. Thus, because the infringement suits were initiated in late 1997, the 30-month stay expired in June 2000, and the April 2000 notice of appeal extended the stay for only a matter of weeks.

The fact that Xechem alleged sufficient facts to establish that it intended to enter the paclitaxel market does not change the analysis. While Xechem was sufficiently prepared to enter the market to assert an antitrust claim and survive the motion to dismiss for failure to state a claim, its action is time-barred because Xechem fails to allege that it was in a position to suffer new and accumulating injury by acts taken within the statute of limitations period. BMS's post-1999 acts did nothing but further discourage Xechem from filing an ANDA and entering the paclitaxel market.

### C. Xechem Rehashes Its Arguments From Its Opposition to BMS's Motion to Dismiss

Claiming that the Court "overlook[ed]" or "misapprehend[ed]" its allegations, Xechem makes arguments in its Rule 59(e) motion that the Court has already considered and rejected. (R. 16-1, Pl.'s Mem. in Supp. of Mots. at 8.) Xechem argues that "the Court failed to recognize separate and distinct actions taken by BMS after March 1999 . . . which in and of themselves, if they were nothing else, would form a basis upon which the District Court was authorized to grant relief to the Plaintiff." (*Id.* at 2.) Specifically, Xechem asserts, as it did in opposing the motion to dismiss, that BMS committed antitrust violations within the limitations period that discouraged Xechem from filing an ANDA and entering the paclitaxel market. (*Compare* R. 16-1, Pl.'s Mem. in Supp. of Mots. at 2-12, *with* R. 12-1, Pl.'s 12(b)(6) Resp. at 10-13.) Xechem reiterates its previous contentions that it spent millions of dollars, entered into marketing arrangements, and suffered lost profits from being excluded from the marketplace. These are the same allegations that Xechem presented to the Court in opposing BMS's motion to dismiss. The Court has already fully considered these allegations and Xechem fails to establish that the Court

erred in its evaluation of the allegations.

Xechem presents no new facts or law which would indicate that the Court manifestly erred as a matter of fact or law. Rule 59(e) cannot be used as a vehicle for rearguing matters already considered by the Court, and the Court will not consider its previous ruling simply because Xechem disagrees with its reasoning. *Hartigan*, 796 F. Supp. at 353. Xechem's Rule 59(e) motion is denied.

## II. Xechem Is Not Entitled To Amend Its Complaint Because Amendment Would Be Futile And Xechem Unduly Delayed Seeking Leave To Amend

After judgment has been entered, a party cannot seek leave to amend a complaint without first convincing the Court to reopen the case pursuant to Rule 59(e). *Figgie*, 966 F.2d at 1179; *Twohy*, 758 F.2d 1185, 1196. Because Xechem has not met its burden under Rule 59(e), the Court need not consider Xechem's request for leave to amend under Rule 15(a).

Even if the Court considered Xechem's request for leave to amend the complaint on the merits, the Court would deny that request. Xechem repeatedly argues that under the Federal Rules "leave to amend is to be freely given." (R. 16-4, Pl.'s Mem. in Supp. of Am. Compl. at 1; R. 21-1, Pl.'s Reply at 1.) But Xechem ignores the rule that "the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed after judgment has been entered." *Vicom*, 20 F.3d at 785 n.12.

### A. Xechem's Proposed Amendment Would Be Futile

The Court may deny a plaintiff's request for leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. E. 2d 222 (1962). Amendment is futile when the proposed amended complaint fails to state a valid theory of

9

liability or when it could not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Xechem's proposed amended complaint would not withstand a motion to dismiss because it suffers from the very same statute of limitations defect that required dismissal of Xechem's initial complaint. (*See* R. 16-4, Am. Compl.)

As discussed in Section I.B., Xechem's proposed amended complaint does not allege a continuing violation sufficient to restart the statute of limitations because it fails to allege any timely overt acts causing a new injury.

### B. Xechem Unduly Delayed Seeking Leave To Amend Its Complaint Until After The Court Entered Final Judgment

"In a post-judgment situation, delay without explanation is sufficient reason to deny a motion to amend." *Figgie*, 966 F.2d at 1181. *See also Day v. Office of Cook County Sheriff*, No. 2000 C 2529, 2001 WL 664459, at *2 (N.D. Ill. June 12, 2001) ("A plaintiff's unexcused delay in raising new allegations is sufficient reason to deny a post-judgment motion to amend the complaint."). Delay is "unexcused" if the additional allegations were known to the plaintiff prior to the judgment, yet plaintiff inexplicably failed to seek leave to amend until after the judgment. *Figgie*, 966 F.2d at 1181. Moreover, unexcused delay may itself be prejudicial to the defendant. *See Thompson v. Illinois Dep't of Prof'l Reglation*, 300 F.3d 750, 759 (7th Cir. 2002).

Xechem fails to explain why it could not have raised the additional allegations in its proposed amended complaint earlier. It simply asserts that "[t]here has been no delay in this application." (R. 16-4, Pl.'s Mem. in Supp. of Am. Compl. at 1.) The Court disagrees.

Xechem received notice that the statute of limitations was an issue in this case when BMS filed its motion to dismiss on June 6, 2003. The Court entered judgment on July 29, 2003.

Xechem thus had over seven weeks after receiving notice that the statute of limitations was at issue to seek leave to file an amended complaint with additional allegations addressing the statute of limitations deficiencies. Xechem does not contend that it recently discovered the additional allegations in the proposed amended complaint or that it could not have included them in an earlier filing. There is no reason why Xechem could not have brought these additional allegations to the Court's attention before the entry of judgment.

Xechem oddly contends that it did not make an oral motion for leave to amend on the morning the Court informed the parties of its ruling because it did not have "the benefit of the Court's analysis." (R. 21-1, Pl.'s Reply at 2.) (The Court orally informed the parties on the morning of July 28, 2003 that it granted BMS's motion to dismiss on statute of limitations grounds, but that due to technical computer difficulties the opinion itself would not be available until later that afternoon.) Xechem's argument is disingenuous. First, whether Xechem would have made an oral motion for leave to amend is irrelevant as to Xechem's failure to raise the additional allegations *before* the Court announced its ruling. Xechem had ample opportunity to seek leave to amend the complaint before the morning of July 28, but failed to do so, and offers no explanation for this failure. Second, having learned in the morning that the Court dismissed the complaint because of the statute of limitations issue but that the final judgment would not be docketed until later that afternoon, Xechem actually had several hours within which to make an oral motion before final judgment was officially entered. It failed to do so.

Xechem has absolutely no basis for its assertion that "[i]f Xechem had had the benefit of the Court's analysis, a prompt, oral motion for leave to file an amended complaint would have been made at that time." (R. 21-1, Pl.'s Reply at 2.) Further, it is presumptuous for Xechem to

11

assert that "[i]t is likely that such a[n] [oral] motion pursuant to FRCP 15(a) would have been granted." *Id.*

## CONCLUSION

With respect to its Rule 59(e) motion, Xechem fails to identify any manifest error of law or fact and presents no newly discovered, material evidence. Xechem instead reargues issues that the Court has already fully considered. With respect to its Rule 15(a) motion, Xechem fails to establish that it is entitled to amend its complaint after judgment has already been entered because the proposed amendment would be futile and because Xechem unduly delayed seeking leave to amend. Accordingly, Xechem's Rule 59(e) motion to vacate, alter, or amend the judgment and its Rule 15(a) motion for leave to file an amended complaint are both denied.

Dated: November 26, 2003　　　　　　　　ENTERED

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　AMY J. ST. EVE
　　　　　　　　　　　　　　　　　　　　United States District Court Judge